UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HIEN MINH NGUYEN,<br><br>Defendant. | Case No. 15-cr-00203-BLF<br><br>**ORDER GRANTING DEFENDANT'S THIRD MOTION TO ISSUE RULE 17 SUBPOENAS**<br><br>[Re: ECF 37] |

On September 22, 2015, the Court denied without prejudice Defendant's second motion for permission to issue subpoenas to third parties Diocese of San Jose ("Diocese") and the accounting firm Armanino McKenna LLP ("Armanino") on the ground that the motion was too broad and did not meet the pretrial document production standard set by the United States Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974). *See* ECF 30. Presently before the Court is Defendant's third motion for permission to issue subpoenas to Diocese and Armanino, filed October 15, 2015. The motion, which is supported by a declaration and proposed subpoenas, is unopposed.

Rule 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). Rule 17 requires a showing of "relevancy, admissibility, and specificity to support the issuance of a subpoena." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984); *see also Nixon*, 418 U.S. at 700-01. This requires the moving party to show "that the documents [sought] are evidentiary and relevant . . . and that the application is made in good faith and is not intended as a general fishing expedition." *Nixon*, 418 U.S. at 699; *see also United States v. Mackey*, 647 F.2d 898, 901 (9th Cir. 1981) (holding that Rule 17(c) was not intended to "allow a blind fishing expedition seeking

unknown evidence"). Additionally, the subpoena must not be overbroad. *See United States v. Ochoa-Sanchez*, 676 F.2d 1283, 1288 (9th Cir. 1982). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989). It is within the discretion of the trial court to determine whether a Rule 17(c) subpoena application has met the *Nixon* requirements, *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), and the trial court's determination "will not be disturbed unless clearly arbitrary or without support in the record," *Reed*, 726 F.3d at 577 (*citing Nixon*, 418 U.S. at 702).

The United States has produced 7,316 pages of documents, including emails among and between employees of Diocese and accountants from Armanino, relevant audit reports prepared by Armanino for a church and a community center in the Diocese for the years 2009 and 2010 during Defendant's employment there, and notes of meetings with Defendant to discuss those audits. Defendant now seeks permission to issue Rule 17(c) subpoenas to both Diocese and Armanino for additional documents and emails showing the financial condition of the church and the community center before, during and after Defendant's employment as the church's pastor and the community center's director. The declaration of counsel accompanying Defendant's motion adequately explains that the requested documents are evidentiary as they would help establish that the disputed funds given to Defendant were intended as personal gifts, and not donations to the church or the community center, and therefore was not taxable as income. *See* ECF 38. The Court finds that the requests are appropriately tailored and seek documents relevant to effective preparation of a defense. Hence, the requested subpoenas are not overly broad to fail the *Nixon* criteria. Accordingly, the Court authorizes issuance of the requested subpoenas.

The Court notes that Defendant's proposed order directs Diocese and Armanino to produce the subpoenaed items only to Defendant's counsel. *See* ECF 37. The Court reminds Defendant that local rules require that "Rule 17(c) subpoena *must be returnable to the Court* and the items sought therein *must be delivered to the Court* at the place, date and time indicated." Crim. L.R. 17-2(b). (Emphasis added). The Court advises Defendant to ensure that the subpoenas (Form 89B) reflect these requirements in accordance with the local rules and this order. The Court further notes that though not mandatory, the subpoenas may advise the Diocese and Armanino that "no appearance is necessary if the items are produced in advance of the date specified, either to the Court, in an envelope delivered to the Clerk's Office, or directly to the issuing attorney whose name and address appears at the bottom of the subpoena." Crim. L.R. 17-2(b).

**ORDER**

(1) Defendant's third motion for permission to issue subpoenas is GRANTED;

(2) Defendant may issue and serve upon Diocese and Armanino, returnable November 23, 2015, subpoenas submitted as Exhibits A and B to Defendant's motion and docketed at ECF 38-1 and 38-2; and

(3) This order is without prejudice to the rights of Diocese and Armanino to move to quash the subpoenas or to respond to the subpoenas in any other manner permitted by law.

Dated:  October 23, 2015

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge