**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HIEN MINH NGUYEN,<br><br>　　　　　Defendant. | Case No. 15-cr-00203-BLF-1<br><br>**ORDER VACATING HEARING ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS AND DENYING MOTION**<br><br>[Re: ECF 25] |

Before the Court is a Motion for Bill of Particulars filed by Defendant Hien Minh Nguyen ("Defendant"). Having considered the briefing and the relevant legal authorities, the Court finds the motion to be suitable for disposition without oral argument.[1] The motion hearing set for November 10, 2015 is hereby VACATED. For the reasons discussed below, the motion is DENIED.

**I.　BACKGROUND**

Defendant is a Catholic priest employed by the Diocese of San Jose (the "Diocese"). During the events giving rise to this case, Defendant served as the director of the Vietnamese Catholic Center ("VCC"), a community center for Vietnamese Catholics also known as Trung Tam Cong Giao ("TTCG"). Indictment ¶ 3, ECF 1. On April 7, 2015, a grand jury returned an indictment charging Defendant with fourteen counts of bank fraud in violation of 18 U.S.C. §1344

---

[1] Civil Local Rule 7-1(b), made applicable to criminal cases in this district by Criminal Local Rule 2-1, provides that the Court in its discretion may determine motions without oral argument. Civ. L.R. 7-1(b); Crim. L.R. 2-1.

and four counts of tax evasion in violation of 26 U.S.C. §7201.  *Id.*  Counts 1-14 charge Defendant with soliciting donations to the VCC or TTGC during church services from 2005-2008 and depositing donation checks into his personal bank account at Wells Fargo Bank, N.A.  *Id.* ¶¶ 7-10. Counts 15-18 charge Defendant with underreporting his income for calendar years 2008, 2009, 2010 and 2011.  *Id.* ¶¶ 11-14.

Defendant was arraigned on April 23, 2015.  *See* Minute Entry, ECF 5.  It is undisputed that since the arraignment, the United States of America (the "Government") has produced thousands of pages of discovery, including Defendant's personal bank account records at Wells Fargo Bank, checks from parishioners to the VCC that Defendant deposited to his personal bank account, the Diocese's internal investigation documents, and Defendant's tax records.  Defendant nonetheless claims that he does not have sufficient information to understand the nature of the charges against him.

## II.   LEGAL STANDARD

"The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Fed. R. Crim. P. 7(f).[2]  Whether to grant a motion for a bill of particulars is within the district court's discretion.  *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  The Ninth Circuit has explained that a bill of particulars serves three functions:  (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy.  *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).  "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case."  *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). The government may add clarity to its theory via discovery, and "full discovery also obviates the need for a bill of particulars."  *Giese*, 597 F.2d at 1180.

---

[2] The Court notes that Defendant's motion was filed on September 11, 2015, which was significantly more than fourteen days after his arraignment on April 23, 2015.  Defendant did not seek leave of the Court for the late filing.  However, because neither party has addressed the issue of timeliness, the Court has determined the motion on the merits.

### III. DISCUSSION

Defendant requests a bill of particulars "in order to facilitate meaningful defense preparation and avoid surprise at trial." Def.'s Mot. at 4, ECF 25. Here, however, the indictment specifically identifies the charged conduct of bank fraud (counts 1-14) and tax evasion (counts 15-18). The indictment contains detailed information concerning 14 checks underlying counts 1-14, including dates and amounts of deposit. *See* Indictment ¶ 10, ECF 1. With respect to counts 15-18, the indictment specifies Defendant's declared income and taxes owed for each calendar year 2008-2011, as well as Defendant's actual income and taxes owed for those years. *See id.* ¶¶ 11-14.

The Government also represents that it has produced 7,316 pages of documents in discovery, including: "the defendant's Wells Fargo bank account records, records from the defendant's investment accounts, deposit slips the defendant filled out and presented to Wells Fargo, records from the VCC's Bank of America account, checks from parishioners to the VCC or TTCG which the defendant deposited into his personal bank account, checks the defendant wrote from the VCC's Bank of America account for personal expenses, the deed to the defendant's condominium estate in San Jose, the diocese's memoranda and audit reports pertaining to the diocese's investigation of the defendant, emails in which members of the diocese discuss their investigation of the defendant, general ledger and earning statements from the diocese, the IRS Forms 1040 the defendant submitted in tax years 2006 through 2012, and a 45-paragraph memorandum of interviewing memorializing the government's conversation with the defendant." Gov't's Opp. at 3 (footnotes omitted). The Government states that those records show that as of May 2011, Defendant had more than $2.5 million in liquid deposit, savings, and investment accounts at various banks. *Id.* at 3 n. 2. The Government claims that in September 2015, it disclosed the IRS's tax loss computations and method of proof by which the Government intends to prove counts 15-18. *Id.* at 3. n. 4. Defendant does not dispute the Government's characterization of its production.

Other courts have denied motions for bills of particulars in similar circumstances. *See United States v. DePaoli*, 41 Fed. Appx. 543, 546-47 (3rd Cir. 2002) (district court's denial of bill

1    of particulars upheld where indictment charged husband and wife with income tax evasion under
2    26 U.S.C. §7201, government broke down tax evasion amount for each year charged in the
3    indictment, government provided defendants with pretrial discovery, and government explained its
4    theories of case in writing); *United States v. Hussain*, No. 13-cr-00408-JST-1, 2015 WL 2379548,
5    at *6 (N.D. Cal. May 15, 2015) (motion for bill of particulars in tax evasion case under 26 U.S.C.
6    §7201 denied where government provided discovery from which defendant could determine bases
7    for charges); *United States v. Silberstein*, No. 02 CR. 800 (SWK), 2003 WL 21488024, at *5-6
8    (S.D.N.Y. June 27, 2003) (motion for bill of particulars denied in bank fraud case under 18 U.S.C.
9    §1344 where indictment and discovery provided defendants with ample notice of nature of charges
10   against them).

11   This Court similarly concludes that for both the bank fraud charges (counts 1-14) and the
12   tax evasion charges (counts 15-18), the indictment and the pretrial discovery adequately disclose
13   the Government's theory of the case. Defendant's own briefing makes clear that in fact he does
14   understand the nature of the charges against him. *See, e.g.,* Def.'s Reply at 2 (describing "the
15   government's theory that he violated 18 U.S.C. § 1344(2) in endorsing fourteen (14) checks with
16   his own signature and depositing those checks made payable by his parishioners to the Vietnamese
17   Catholic Center ('VCC') into his personal bank account at Wells Fargo Bank"). Defendant's
18   motion seeks not the particulars of the Government's *theory* against him, but the particulars of the
19   Government's *evidence* in support of that theory. For example, Defendant seeks the identities of
20   the payors of the fourteen checks listed in the indictment. *See* Def.'s Mot. at 3. Defendant does
21   not explain why that evidence is necessary to understanding the Government's theory or, indeed,
22   why Defendant cannot obtain the identities of the payors himself by comparing his bank records
23   against the dates and amounts of deposit provided in the indictment. "[A] bill of particulars,
24   unlike discovery, is not intended to provide the defendant with the fruits of the government's
25   investigation. Rather, it is intended to give the defendant *only that minimum amount of*
26   *information* necessary to permit the defendant to conduct his *own* investigation." *United States v.*
27   *Hsuan Bin Chen,* No. CR 09-110 SI, 2011 WL 332713, at *4 (N.D. Cal. Jan. 29, 2011) (internal
28   quotation marks and citation omitted) (first emphasis added). Defendant has been given the

4

requisite minimum amount of information in this case.

**IV.   ORDER**

For the foregoing reasons, Defendant's Motion for Bill of Particulars is DENIED.

Dated:  November 5, 2015

_____
BETH LABSON FREEMAN
United States District Judge