# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN JOSE

**FILED**
DEC -1 P 2:18
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

---

UNITED STATES OF AMERICA,

V.

CR 15-203 BLF

HIEN MINH NGUYEN

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1344 – Bank Fraud
26 U.S.C. § 7201 – Tax Evasion
18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this 1st day of December, 2015.

SALLIE KIM                    Clerk
United States Magi[strate]

Bail, $ no process

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney

FILED
2015 DEC -1 P 2: 18
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | CASE NO. CR-15-00203-BLF |
|---|---|
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1344—Bank Fraud; 26 U.S.C. § 7201—Tax Evasion 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c)—Criminal Forfeiture |
| v. | |
| HIEN MINH NGUYEN, | |
| Defendant. | SAN JOSE VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

1. HIEN MINH NGUYEN ("NGUYEN") resided in San Jose, California, at all relevant times.

2. NGUYEN, a priest, was employed by the Diocese of San Jose ("the Diocese") in San Jose, California, from 1994 to the present.

3. NGUYEN, held various positions for the Diocese, including Director of the Vietnamese Catholic Center ("VCC"), also known as Trung Tam Cong Giao ("TTCG"), and Vicar for Vietnamese Ministry.

4. NGUYEN, as an employee of the Diocese, had sole signature authority over the VCC's

Superseding Indictment
CR-15-00203-BLF
1

1  bank account, which was maintained at Bank of America from 2005 through 2011.

2  5. From 2005 to 2008, and at all other relevant times, NGUYEN maintained a personal bank
3  account at Wells Fargo Bank N.A., which was federally insured at all relevant times.

4  6. From 2005 to 2008, and at all other relevant times, certain parishioners of NGUYEN
5  maintained bank accounts—from which they wrote donation checks to the VCC—at Wells Fargo, Bank
6  of America, California Savings and Loan, Citibank F.S.B., and Washington Mutual F.A. These banks
7  were federally insured at all relevant times.

8  <u>COUNTS ONE THROUGH FOURTEEN</u>: (18 U.S.C. §§ 1344(1) and (2)—Bank Fraud)

9  7. Paragraphs 1 through 6 are re-alleged and incorporated by reference as though fully set
10 forth herein.

11 8. From on or about September 28, 2005, to on or about December 18, 2007, within the
12 Northern District of California and elsewhere,

13                                  HIEN MINH NGUYEN,

14 knowingly and with the intent to defraud, executed a scheme and artifice to defraud Wells Fargo, Bank
15 of America, California Savings and Loan, Citibank, and Washington Mutual; and to obtain moneys,
16 funds, credits, assets, securities, and other property owned by, and under the custody and control of,
17 Wells Fargo, Bank of America, California Savings and Loan, Citibank, and Washington Mutual, by
18 means of material false and fraudulent pretenses, representations, promises and concealment of material
19 facts. NGUYEN executed this scheme and artifice in part by endorsing with his signature checks that
20 were payable to his employer and presenting those checks to Wells Fargo to be deposited into his
21 personal bank account. NGUYEN endorsed and presented his employer's checks to Wells Fargo to be
22 deposited into his personal bank account without his employer's knowledge or consent; without
23 authorization from his employer; and under the false pretense that he had the authority to endorse and
24 present those checks to Wells Fargo to be deposited into his personal bank account, knowing these
25 deposits to be without his employer's knowledge, consent, or authorization.

26                                  THE SCHEME AND ARTIFICE

27 9. NGUYEN, during church services from 2005 through 2008, asked parishioners to make
28 donations to the VCC and represented to his parishioners that their donations would benefit the VCC.

10. Parishioners donated to the VCC by writing checks payable to the VCC or TTCG and giving those checks to NGUYEN for NGUYEN to deposit into the VCC's Bank of America account.

11. As part of the scheme and artifice, NGUYEN caused to be deposited or deposited into his personal bank account at Wells Fargo checks payable to the VCC or TTCG, which he endorsed with his signature and presented to Wells Fargo for deposit into his personal bank account, under the false pretense and misrepresentation that his employer knew or consented to him depositing those checks into his personal bank account or authorized him to endorse and present those checks to Wells Fargo for deposit into his personal bank account.

## THE DEPOSITS

12. On or about the dates listed below, for the purpose of executing the scheme and artifice described above, NGUYEN deposited and caused to be deposited into his personal bank account at Wells Fargo the checks described below, with each deposit constituting a separate count:

| COUNT | DATE OF DEPOSIT | PAYEE | DEPOSIT & PARISHIONER'S BANK |
|---|---|---|---|
| 1 | 9/28/2005 | Trung Tam Cong Giao S.J. | K.N.'s Bank of America account check for $1,500 |
| 2 | 2/2/2006 | Trung Tam Cong Giao VN S.J. | K.N.'s Bank of America account check for $500 |
| 3 | 5/8/2006 | Trung Tam Cong Giao S.J. | K.N.'s Bank of America account check for $1,000 |
| 4 | 10/31/2006 | Trung Tam Cong Giao S.J. | K.N.'s Bank of America account check for $500 |
| 5 | 12/18/2007 | Trung Tam Cong Giao San Jose | K.N.'s Bank of America account check for $300 |
| 6 | 10/3/2005 | Vietnamese Catholic Center | H.N.'s California Savings and Loan account check for $1,000 |
| 7 | 1/23/2006 | VCC Hien Nguyen | H.N.'s California Savings and Loan account check for $700 |
| 8 | 10/31/2006 | Vietnamese Catholic Center | H.N.'s Citibank check for $500 |
| 9 | 6/4/2007 | Vietnamese Catholic Center | H.N.'s Washington Mutual account check for $1,000 |
| 10 | 10/3/2005 | Vietnamese Catholic Center | B.T.'s Wells Fargo account check for $1,000 |
| 11 | 8/15/2006 | Vietnamese Catholic Center | C.N.'s Washington Mutual account check for $3,000 |
| 12 | 9/28/2006 | Trung Tam Cong Giao Viet Nam | K.T.T.'s Bank of America account check for $3,000 |

Superseding Indictment
CR-15-00203-BLF

3

| 13 | 10/15/2007 | VCC | K.T.Y.C.C.'s Bank of America account check for $2,500 |
|----|------------|-----|-------------------------------------------------------|
| 14 | 11/14/2007 | Trung Tam Cong Giao VN | J.T.N.'s Bank of America account check for $2,500 |

All in violation of Title 18, United States Code Sections 1344(1) and (2).

COUNT FIFTEEN: (26 U.S.C. § 7201—Tax Evasion)

13.    From on or about January 1, 2008, and continuing to on or about October 17, 2012, in the Northern District of California and elsewhere,

HIEN MINH NGUYEN,

a resident of San Jose, California, willfully and knowingly attempted to evade and defeat a part of the income tax due and owing by him to the United States of America for the calendar year 2008 by committing the following affirmative acts of evasion, among others: preparing and filing, and causing to be prepared and filed, a false U.S. Individual Return, Form 1040, that underreported income; making false representations to the Internal Revenue Service about the nature of money he received from his parishioners; structuring cash and check deposits to avoid the filing of currency transaction reports; and falsely representing to his employer that certain checks he wrote from the VCC bank account were for the benefit of his employer, when in fact, he wrote those checks for personal expenses; for the purpose of concealing additional unreported taxable income received by him during the calendar year 2008. On that unreported taxable income, as he then and there knew, there was due and owing to the United States of America additional income tax.

All in violation of Title 26, United States Code, Section 7201.

COUNT SIXTEEN: (26 U.S.C. § 7201—Tax Evasion)

14.    From on or about January 1, 2009, and continuing to on or about October 17, 2012, in the Northern District of California and elsewhere,

HIEN MINH NGUYEN,

a resident of San Jose, California, willfully and knowingly attempted to evade and defeat a part of the income tax due and owing by him to the United States of America for the calendar year 2009 by committing the following affirmative acts of evasion, among others: preparing and filing, and causing to be prepared and filed, a false U.S. Individual Return, Form 1040, that underreported income; making

Superseding Indictment
CR-15-00203-BLF                                                    4

1  false representations to the Internal Revenue Service about the nature of money he received from his
2  parishioners; and structuring cash and check deposits to avoid the filing of currency transaction reports;
3  for the purpose of concealing additional unreported taxable income received by him during the calendar
4  year 2009. On that unreported taxable income, as he then and there knew, there was due and owing to
5  the United States of America additional income tax.
6      All in violation of Title 26, United States Code, Section 7201.
7  <u>COUNT SEVENTEEN</u>: (26 U.S.C. § 7201—Tax Evasion)
8      15.    From on or about January 1, 2010, and continuing to on or about October 17, 2012, in the
9  Northern District of California and elsewhere,

                            HIEN MINH NGUYEN,

11  a resident of San Jose, California, willfully and knowingly attempted to evade and defeat a part of the
12  income tax due and owing by him to the United States of America for the calendar year 2010 by
13  committing the following affirmative acts of evasion, among others: preparing and filing, and causing to
14  be prepared and filed, a false U.S. Individual Return, Form 1040, that underreported income; making
15  false representations to the Internal Revenue Service about the nature of money he received from his
16  parishioners; and structuring cash and check deposits to avoid the filing of currency transaction reports;
17  for the purpose of concealing additional unreported taxable income received by him during the calendar
18  year 2010. On that unreported taxable income, as he then and there knew, there was due and owing to
19  the United States of America additional income tax.
20      All in violation of Title 26, United States Code, Section 7201.
21  <u>COUNT EIGHTEEN</u>: (26 U.S.C. § 7201—Tax Evasion)
22      16.    From on or about January 1, 2011, and continuing to on or about October 17, 2012, in the
23  Northern District of California and elsewhere,

                            HIEN MINH NGUYEN,

25  a resident of San Jose, California, willfully and knowingly attempted to evade and defeat a part of the
26  income tax due and owing by him and to the United States of America for the calendar year 2011 by
27  committing the following affirmative acts of evasion, among others: preparing and filing, and causing to
28  be prepared and filed, a false U.S. Individual Return, Form 1040, that underreported income; making

1 false representations to the Internal Revenue Service about the nature of money he received from his
2 parishioners; and structuring cash and check deposits to avoid the filing of currency transaction reports;
3 for the purpose of concealing additional unreported taxable income received by him during the calendar
4 year 2011. On that unreported taxable income, as he then and there knew, there was due and owing to
5 the United States of America additional income tax.
6     All in violation of Title 26, United States Code, Section 7201.
7 **FORFEITURE ALLEGATION**: (18 U.S.C. §§ 982(a)(2)(A) and 28 U.S.C. § 2461)
8     17.     The allegations contained in Counts One through Fourteen of this Indictment are re-
9 alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to
10 the provisions of Title 18, United States Code, Section 982(a)(2)(A).
11     18.     Upon conviction of any of the offenses alleged in Counts One through Fourteen of this
12 Indictment, NGUYEN,
13                     HIEN MINH NGUYEN,
14 shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section
15 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a
16 result of such violation(s). The property to be forfeited includes, but is not limited to, a money judgment.
17     19.     If, as a result of any act or omission of NGUYEN, any of such property
18         a)     cannot be located upon the exercise of due diligence;
19         b)     has been transferred or sold to or deposited with a third person;
20         c)     has been placed beyond the jurisdiction of the Court;
21         d)     has been substantially diminished in value; or
22         e)     has been commingled with other property which cannot be divided without
23             difficulty;
24 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,
25 United States Code, Section § 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)
26 and Title 28, United States Code, Section 2461(c).
27 //
28 //

Superseding Indictment
CR-15-00203-BLF                         6

1     All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States
2 Code, Section 2461(c).

3                                   A True Bill

4 Dated: 12/1/2015

5                                  FOREPERSON

6 BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
7

8

9 PHILLIP A. GUENTERT
   Deputy Chief, Criminal Division
10

11 Approved as to Form

12

13 THOMAS MOORE
   Assistant United States Attorney
14 Chief, Tax Division
   GREGORY BERNSTEIN
15 Trial Attorney
   United States Department of Justice
16

Superseding Indictment
CR-15-00203-BLF                         7

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☒ SUPERSEDING

―― OFFENSE CHARGED ――

18 U.S.C. § 1344 – Bank Fraud
26 U.S.C. § 7201 – Tax Evasion
18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 18 U.S.C. § 1344 – 30 yrs prison, $1,000,000 fine or twice the gain/loss from the offense, whichever is greater, 5 yrs supervised release, $100 assessment; 26 U.S.C. § 7201 – 5 yrs prison, $250,000 fine or twice the gain/loss from the offense, whichever is greater, 3 yr supervised release, $100 assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

―― DEFENDANT - U.S ――

▶ HIEN MINH NGUYEN

DISTRICT COURT NUMBER
CR-15-00203-BLF

FILED
DEC - 1 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

―― PROCEEDING ――

Name of Complaintant Agency, or Person (& Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Thomas Moore, AUSA, Tax Div.

―― DEFENDANT ――

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☒ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

―― ADDITIONAL INFORMATION OR COMMENTS ――

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments: